**Affirmed and Opinion Filed January 13, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00013-CV**

**MARCO CALVILLO, Appellant**
**V.**
**WILLIAM FRAZIER A/K/A BILL FRAZIER, INDIVIDUALLY AND D/B/A KLIFF KLUB, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-00566-D**

## OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Marco Calvillo appeals the trial court's summary judgment on his claims under the Texas Dram Shop Act (the Act). In seven issues, Calvillo argues fact issues precluding summary judgment exist concerning whether Felicia Janis was provided, sold, or served alcohol by the Kliff Klub and whether her intoxication was apparent to the provider of alcoholic beverages; the safe harbor defense under the Act was not available to the Kliff Klub; and Calvillo was entitled to seek punitive damages for the alleged violations of the Act in this case. We affirm the trial court's judgment.

The record shows that, during the late night of November 10, 2010, and early morning hours of November 11, Felicia Janis was at the Kliff Klub celebrating the birthday of her daughter, Sherrie Janis. Felicia did not remember how many drinks she had, but her deposition

testimony was that she was drinking from her daughter's drink and "never bought a drink." When Felicia left the Kliff Klub, "someone" drove her to her niece's house. At some point, Felicia "got into [her] truck and drove off" from her niece's house. Felicia did not know what time she left the Kliff Klub, arrived at her niece's house, or left her niece's house. Felicia also did not know if anyone was with her. Felicia could not "remember anything from that night."

In her deposition, Sherrie testified she did not recall whether Felicia drank anything while at the Kliff Klub. Sherrie testified she "never bought a drink" at the Kliff Klub. When asked how she drank alcohol if she never bought a drink, Sherrie answered, "I'm a lady, and men buy ladies' drinks." Sherrie testified the Kliff Klub closed at 1:30 a.m., but she did not recall whether she stayed until it closed.

At 3:30 a.m. on November 11, 2010, Felicia was driving the wrong way down Interstate Highway 30 when she collided head-on with Calvillo's vehicle. Calvillo was injured in the accident. Testing at the hospital following the accident showed Felicia's blood alcohol level was at .177.

In February 2012, Calvillo sued Kliff Klub and William Frazier, a/k/a Bill Frazier, individually and d/b/a Kliff Klub, asserting claims under the Act. Specifically, Calvillo asserted Kliff Klub, through its employees and/or agents, "sold, served, or provided alcoholic beverages to Felicia Janis when Felicia Janis was obviously intoxicated to the extent that she presented a clear danger to herself and others." Calvillo further alleged Felicia's intoxication was a proximate cause of the accident and Calvillo's resulting injuries.

Kliff Klub filed traditional and no-evidence motions for summary judgment asserting Calvillo could not produce any evidence Kliff Klub employees or agents sold, served, or provided Felicia with an alcoholic beverage. The trial court granted Kliff Klub's motions for

traditional and no-evidence summary judgment without specifying the grounds. This appeal followed.

In his first issue, Calvillo argues that, under the Act, a private club "provides, sells, or serves" all of the alcoholic beverages consumed in the club because all alcohol consumed in the club comes from the club, as opposed to any outside source. In his second issue, Calvillo argues fact issues on each element of his cause of action under the Act precluded summary judgment. Specifically, Calvillo argues there was more than a scintilla of evidence to show (1) Felicia was provided alcohol by the Kliff Klub and (2) Felicia's obvious intoxication was apparent to the provider of alcohol.

We first review the trial court's summary judgment under the standards of rule 166a(i). *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The non-movant, here Calvillo, must produce summary judgment evidence raising a genuine issue of material fact to defeat summary judgment under that provision. *Ridgway*, 135 S.W.3d at 600. A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Id.* If Calvillo fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether Frazier's proof satisfied the rule 166a(c) burden for a traditional summary judgment. *Id.*

When determining if more than a scintilla of evidence has been produced in response to a rule 166a(i) motion for summary judgment, the evidence must be viewed in the light most favorable to Calvillo. *Id.* at 601. More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

Under the Act, providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action upon proof that:

(1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and

(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

TEX. ALCO. BEV. CODE ANN. § 2.02(b) (West 2007).

Here, the evidence showed Felicia and Sherrie "never bought a drink" at the Kliff Klub. Instead, Sherrie testified in her deposition that men bought her drinks, and Felicia testified she drank alcohol from her daughter's drink. Thus, Felicia's consumption of alcohol at the Kliff Klub was twice removed from the provision of alcohol to the men who purchased it and gave it to Sherrie. Further, there was no evidence to show Felicia was intoxicated while at the Kliff Klub. Under these circumstances, we reject Calvillo's argument that Felicia was provided, sold, or served alcohol merely because the alcohol served in the Kliff Klub ultimately came from the Kliff Klub. Because no evidence existed to show Felicia was served alcohol by the Kliff Klub, no cause of action was available to Calvillo under the Act. *See id.*; TEX. R. CIV. P. 166a(i); *Ridgway*, 135 S.W.3d at 600. In reaching this conclusion, we note this case did not involve the "service" of a bottle of wine or pitcher of beer for consumption by multiple customers. *Cf. Bruce v. K.K.B., Inc.*, 52 S.W.3d 250 (Tex. App.—Corpus Christi 2001, pet. denied). We overrule Calvillo's first and second issues. Because of our disposition of Calvillo's first and second issues, we need not address Calvillo's remaining issues.

We affirm the trial court's judgment.


140013F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCO CALVILLO, Appellant

No. 05-14-00013-CV     V.

WILLIAM FRAZIER A/K/A BILL
FRAZIER, INDIVIDUALLY AND D/B/A
KLIFF KLUB, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-12-00566-D.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee William Frazier, a/k/a Bill Frazier, Individually and d/b/a
Kliff Klub recover his costs of this appeal from appellant MARCO CALVILLO.

Judgment entered January 13, 2015.